## VICTORIA GUD v FRANK GUD

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10317.   Decided Jan. 27, 1930

Reuben Shapiro, Cleveland, for Victoria Gud.
John J. Babka, Cleveland, for Frank Gud.

VICKERY, PJ.

We cannot follow nor can we accede to that doctrine. The Court of Common Pleas is a court of general jurisdiction and has jurisdiction both in law and in equity, and while we admit that divorce and alimony matters are not chancery matters within the meaning of our constitution, for they originally belonged to the ecclesiastical courts and were never administered in courts of chancery, yet in a divorce and alimony case brought in the Common Pleas Court of Ohio, which is a court of general jurisdiction and has jurisdiction in law, in divorce and alimony cases, as well as in equity, there is no doubt, by an unbroken line of authorities, that a petition can be so framed as to seek for equitable relief even where alimony and divorce matters are some of the things to be obtained in the litigation. In other words, divorce and alimony matters can be brought by the husband or the wife against his or her spouse and if the husband or wife as the case may be, has transferred property for the purpose of defeating the wife's or the husband's interest in the property, an action to set aside such a transaction can be joined and maintained in the same action in which divorce and alimony can be maintained, and that is for the purpose of preventing a fraud upon the party who seeks relief and to make a judgment that might be rendered for alimony or the di-

vision of property effective; and in a court of general jurisdiction having equity powers, as well as law powers there can be no reason why these two things should not be asked for and obtained in the same suit.

Now an examination of the petition in case No. 292,451 in the Common Pleas Court will at once show that this was the form of action that the plaintiff sought to and did maintain in that action, and the judgment of the Common Pleas Court in that action was rendered in her favor so as to make effective and of some use her plea for alimony or a division of the property which, she alleged and proved apparently to the satisfaction of the court, was held by Stanley as the trustee for her husband for the very purpose of preventing her from obtaining what in law she would be entitled to and so the court entered that judgment and, as already stated, that judgment never has been reversed or modified, and so could properly become the basis of an action in this suit; and we think the plaintiff is entitled to have a decree in her favor and the same decree as in the court below may be entered in this case, that is, decree for plaintiff, order see journal.

Levine, J., concurs. Sullivan, J., dissents.